The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Daren SUNDSTROM,
Defendant-Appellant.

No. 81CA0287.

Colorado Court of Appeals,
Div. I.

Nov. 19, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Susan P. Mele, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Stuver & George, Thomas W. Stuver, Rifle, for defendant-appellant.

COYTE, Judge.

Defendant appeals from the denial of his Crim.P. 35(c) motion for reduction of sentence. We affirm.

Defendant sought reduction of his sentence pursuant to Crim.P. 35(c) claiming that the decision in *Ramos v. Lamm*, 485 F.Supp. 122 (D.Colo.1979), *modified*, 639 F.2d 559 (10th Cir. 1980), *cert. denied*, 450 U.S. 1041, 101 S.Ct. 1759, 68 L.Ed.2d 239 (1981) which determined that conditions at the prison constituted cruel and unusual punishment, made his sentence more onerous than contemplated by the sentencing judge. The reviewing court denied the motion, finding that the unconstitutional conditions of the prison were irrelevant to the sentencing process and would not be considered in an application for post-conviction review.

Defendant appeals, arguing that the reviewing court abused its discretion in failing to find that the unconstitutional conditions of confinement justified a reduction in sentence. In support of his assignment of error, defendant contends that the *Ramos* holding constitutes either material facts or "a ground otherwise properly the basis for collateral attack," thus justifying post-conviction review of his sentence. We disagree.

In its opinion, the *Ramos* court, explicitly rejected any interpretation that its decision furnished a basis for the defendant to challenge the length of his sentence. Instead, the court focused only on correcting the unsatisfactory conditions at the prison. Furthermore, other jurisdictions, when considering what relief should be available to prisoners upon a finding that conditions where they are incarcerated constitute cruel and unusual punishment have declined to allow as a remedy the reduction of sentence or early release of prisoners. *See Cook v. Hanberry*, 596 F.2d 658 (5th Cir. 1979), *cert. denied*, 442 U.S. 932, 99 S.Ct. 2866, 61 L.Ed.2d 301 (1979); *Konigsberg v. Ciccone*, 285 F.Supp. 585 (D.Mo.1968), *aff'd*, 417 F.2d 161 (8th Cir. 1969), *cert. denied*, 397 U.S. 963, 90 S.Ct. 996, 25 L.Ed.2d 255 (1970); *Ex parte Pickens*, 13 Alaska 477, 101 F.Supp. 285 (D.Alaska 1951); *Newton v. Cupp*, 3 Or.App. 434, 474 P.2d 532 (1970).

Absent an abuse of discretion, the decision of the reviewing court on a Crim.P. 35 motion will not be reversed. *Spann v. People*, 193 Colo. 53, 561 P.2d 1268 (1977). Defendant's allegations do not present a claim for relief under Crim.P. 35(c). Hence, the trial court did not abuse its discretion in denying defendant's motion for reduction of sentence.

Order affirmed.

STERNBERG and KIRSHBAUM, JJ., concur.